BEFORE THE THIRD DIVISION, SEPTEMBER 9, 1954

**No. 58371.**—Wm. A. McMahan *v.* United States, protest 222442–K (New York).

JOHNSON, Judge: The articles involved in this case consist of various items of the type described in paragraph 1811 of the Tariff Act of 1930, but found not to have been produced prior to 1830. In the protest, as amended, plaintiff claims that additional duties under section 489 at the rate of 25 per centum of the value of the articles, amounting to $64.50, should not have been assessed, because the articles were not imported for sale.

The pertinent provision of section 489 reads as follows:

\* \* \* If any article described in paragraph 1811 and imported for sale is rejected as unauthentic in respect to the antiquity claimed as a basis for free entry, there shall be imposed, collected, and paid on such article, unless exported under customs supervision, a duty of 25 per centum of the value of such article in addition to any other duty imposed by law upon such article.

The plaintiff appeared in person at the trial and testified as follows: He has been in the insurance business for a period of 40 years and does not receive any income from antiques, but he is a collector of antiques. While abroad in 1951, he purchased a number of articles which he believed to be antiques from dealers in London and other places. He brought them in for use in his home or in his office. A few of the articles were questioned after they arrived here and his broker prepared some statements for him to sign. On one of them, there were inserted the words "For sale," which escaped his attention when signing it. He did not import any of the articles for sale, has not sold them, and still has them in his possession.

There was received in evidence, without objection on the part of the Government, an affidavit of B. P. Bartel, manager of the import department of the broker. It is stated therein:

The affidavits referring to these antiques were prepared in this office, and on one of them the words "for sale" were inserted in error.

Mr. McMahan has been in the life insurance business for forty years, and has never been in any other business. The goods involved are all in his possession in his apartment or as a decoration in his office, and are all for his own personal use.

The plaintiff abandoned any claim as to the antiquity of the articles, and the case was submitted by both parties.

On the record presented, we hold that the articles involved herein were not imported for sale and are, consequently, not subject to an additional duty of 25 per centum of their value under the quoted provision of section 489, which is expressly limited to articles rejected under paragraph 1811 and imported for sale. *Mrs. Kimball G. Colby* v. *United States*, 62 Treas. Dec. 571, T. D. 46010.

The protest is sustained as to the 25 per centum additional duty assessed under section 489. In all other respects, it is overruled. Judgment will be rendered accordingly.

**No. 58372.**—Norman Thomas *v.* United States, protest 228712–K (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of live birds similar in all material respects to those the subject of *Alfred Mazer* v. *United States* (25 Cust. Ct. 67, C. D. 1265), the claim of the plaintiff was sustained.