**No. 59095.**—William L. Bane & Co. *v.* United States, protest 229711–K (New York).

JOHNSON, Judge:   The merchandise involved in this case consists of a papier-mâché tray imported from England, together with other articles, on or about November 10, 1952.   It was entered as free of duty under paragraph 1811 of the Tariff Act of 1930 as an antique, but was assessed with duty at 12½ per centum ad valorem under paragraph 1403 of said tariff act, as modified by the Annecy Protocol of Terms of Accession to the General Agreement on Tariffs and Trade, T. D. 52373, and the President's proclamation of May 13, 1950, T. D. 52476, as a manufacture of papier mâché, not specially provided for.   It was also assessed with additional duty of 25 per centum ad valorem under section 489 of said tariff act, as an article described in paragraph 1811, imported for sale, and rejected as unauthentic in respect to the antiquity claimed as a basis for free entry.   Protest is made against the assessment of such additional duty on the ground that the article was imported for the personal use of an employee of the importer.

The pertinent portion of said section 489 provides:

* * * If any article described in paragraph 1811 and imported for sale is rejected as unauthentic in respect to the antiquity claimed as a basis for free entry, there shall be imposed, collected, and paid on such article, unless exported under customs supervision, a duty of 25 per centum of the value of such article in addition to any other duty imposed by law upon such article.

At the trial, there were offered and received in evidence, without objection, the entry, the invoice, and the collector's letter of transmittal. Counsel for the plaintiff also made a statement of the facts of the case, apparently intended as an oral stipulation, to which no objection was made by the Government.

. The collector's memorandum, which is in evidence, states:

Note papier mache tray was entered by importer as *forsale* [sic]. Note appraiser described same as not produced prior to 1830 and hence it was subject o [sic] 25% duty under section 489 of the Act of 1930. Had the affidavits from Vernay and Conklin, been before the Collector within the 90 day period provided for by section 514 of the Act of 1930, the Collector would have waived the 25% penalty under section 489 of the Act of 1930. B Fogelman

On the basis of this statement and the claim made in the protest, we conclude that the tray in question was not imported for sale. Consequently, it is not subject to an additional duty under section 489, *supra*, which is expressly limited to articles rejected under paragraph 1811 and imported for sale. *Mrs. Kimball G. Colby* v. *United States*, 62 Treas. Dec. 571, T. D. 46010; *Wm. A. McMahan* v. *United States*, 33 Cust. Ct. 354, Abstract 58371.

The protest is sustained and judgment will be rendered for the plaintiff.